```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA               CRIMINAL ACTION

VERSUS                                 NO: 05-186

KERRY DE CAY                           SECTION: "J" (1)
STANFORD BARRÉ
REGINALD WALKER
JULIUS LIPS, JR.
```

### ORDER AND REASONS

Before the Court is the **Motion to Dismiss Certain Allegations Contained in the Superceding Indictment and Suppress All Evidence in Connection with the Newly Obtained Evidence** (Rec. Doc. 172). This motion was opposed by the Government and was set for hearing for hearing on November 22, 2006. This Court determined that a formal hearing on this motion is not necessary and therefore addresses it on the briefs alone. For the reasons that follow, the Court finds that this motion should be denied.

**THE PARTIES' ARGUMENTS**

Defendant Stanford Barré requests that this Court dismiss certain allegations contained in the superceding indictment and suppress all evidence obtained by the new grand jury subpoenas. Defendant claims the Government improperly used a new grand jury as a discovery tool to subpoena new documents to strengthen its case, wherein an indictment was already pending. Defendant

argues that there are new allegations in the superceding indictment (see Defendant's motion, pp. 2-3) that are based on these new documents (see documents attached to Defendant's motion), which were received by Defendants on October 13, 2006.

In opposition, the Government claims that there was no abuse of the grand jury process as the grand jury was pursuing additional allegations and crimes that were not included in the original indictment.  The Government also points out that Defendant is mistaken when he asserts that the State Police records and certain golf records were obtained through subpoenas issued for the superceding indictment.

**DISCUSSION**

It is not proper for the Government to use a grand jury to prepare an already pending indictment for trial.  <u>Beverly v. United States,</u> 468 F.2d 732, 743 (5th Cir. 1972). It is also an improper use of the grand jury to use it as a substitute for discovery. <u>Id.</u>  Therefore, after an indictment is returned, the grand jury's investigative role generally ceases.

However, a grand jury may continue to investigate an indicted defendant if that investigation is for a purpose other than to discover evidence relating to the charges in the pending indictment.  <u>United States v. Tolliver,</u> 61 F.3d 1189, 1198 (5th Cir. 1995), <u>cert. granted and judgment vacated on other grounds</u>, 116 S. Ct. 900 (1996).  Courts have determined that it is legitimate for the Government to explore the possibility of

filing additional charges against the same defendant.  <u>United States v. Phibbs</u>, 999 F.2d 1053, 1077 (6th Cir. 1993) (the Government could use its subpoena power as part of ongoing, post-indictment investigation that could lead to further charges); <u>United States v. Badger</u>, 983 F.2d 1443, 1458 (7th Cir. 1993) (it is not improper for the Government to use its subpoena power post-indictment to bring charges in a superseding indictment); <u>United States v. Crosland</u>, 821 F. Supp. 1123, 1127-28 (E.D. Va. 1993) (not improper for Government to continue to use grand jury subpoena power after indictment to pursue additional criminal charges against defendant).  If the Government obtains evidence that is relevant to the pending case in the course of such investigative efforts, it is not improper for it to use that evidence at trial. <u>United States v. Ruppel</u>, 666 F.2d 261, 267-68 (5th Cir. 1982); <u>United States v. Beasley</u>, 550 F.2d 261, 266 (5th Cir. 1977).  Last, "t]he grand jury process is entitled to a presumption of regularity which is not easily overcome." <u>Tolliver,</u> 61 F.3d at 1198.

Here, the Government has explained that many of the documents at issue were not obtained through the use of post-indictment subpoenas. Further, this Court concludes that the documents that were obtained in such a manner were properly obtained by the Government in its legitimate quest to explore the possibility of filing additional charges against Defendant. Thus, it is not improper for the Government to use evidence at

trial that it obtained in the course of its investigative efforts. Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss Certain Allegations Contained in the Superceding Indictment and Suppress All Evidence in Connection with the Newly Obtained Evidence** (Rec. Doc. 172) should be and hereby is **DENIED**.

New Orleans, Louisiana this 13th day of November, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE